1    JOHN P. REITMAN, SBN 80579
     jreitman@lgbfirm.com
2    ALEKSANDRA ZIMONJIC, SBN 210252
     azimonjic@lgbfirm.com
3    LANDAU GOTTFRIED & BERGER LLP
     1801 Century Park East, Suite 700
4    Los Angeles, CA 90067
     Telephone: (310) 557-0050
5    Facsimile: (310) 557-0056

6    Attorneys for Plaintiff Peter J. Mastan,
     Chapter 7 Trustee
7

8            **UNITED STATES BANKRUPTCY COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

             **LOS ANGELES DIVISION**
10

11    In re                         Case No. 2:14-bk-27656-WB

12                               Chapter 7
   CARLO BONDANELLI,
13                               Adv. No. 2:17-ap-01549-WB
              Debtor .
14                            **SUMMONS SERVICE EXECUTED RE**
                           **SERVICE OF:**
15    PETER J. MASTAN, Chapter 7 Trustee,

16                            **1) COMPLAINT;**

17              Plaintiff,        **2) SUMMONS AND NOTICE OF STATUS**
       v.                           **CONFERENCE IN ADVERSARY**
18                            **PROCEEDING [LBR 7004−1]; AND**

19                            **3) PLAINTIFF'S NOTICE OF REQUIRED**
   DESERT SOLIS, INC., a California       **COMPLIANCE WITH FRBP 7026 AND LBR**
20    corporation, and DOES 1-10, Inclusive,    **7026-1**

21

22              Defendants.      <u>**Status Conference Date and Time:**</u>
                           Date:   January 30, 2018
23                            Time:   2:00 p.m.
                           Place:   Courtroom 1375
24                                          255 E. Temple St.
                                         Los Angeles, CA 90012
25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Plaintiff Peter J. Mastan, Chapter 7 trustee, submits the Declaration of Erik Meza reflecting

2  the Plaintiff's service of:

3    1.    Complaint;

4    2.    Summons and Notice of Status Conference; and

5    3.    Notice of Required Compliance with Federal Rule of Bankruptcy Procedure 7026

6  and Local Bankruptcy Rule 7026-1.

7

8

9

10  Dated: November 22, 2017              LANDAU GOTTFRIED & BERGER LLP

11

12                                    By_____

13                                        Aleksandra Zimonjic
                                      Attorneys for Plaintiff Peter J. Mastan, Chapter 7
14                                    Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# DECLARATION OF ERIK MEZA

I, Erik Meza, hereby declare as follows:

1.      I am over 18 years of age, and I am not a party to the above-captioned bankruptcy case or adversary proceeding.  My business address is 1801 Century Park East, Suite 700, Los Angeles, CA 90067.

2.      On November 22, 2017 as shown by the attached Proof of Service, I served *Chapter 7 Trustee's Complaint to Set Aside and Recover Fraudulent Transfers* [Docket No. 1]; the *Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004–1]* issued by the Clerk of the Court [Docket No. 2]; and *Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1* on the defendants listed on the attached Proof of Service.  I did so by placing true and correct copies of those documents in an envelope with first class postage thereon fully prepaid, addressed to each of the defendants at the addresses shown on the attached Proof of Service.  On the same day correspondence is placed for collection and mailing in that outgoing mail box, such correspondence is deposited in the ordinary course of business in a United States Postal Service mailbox by an LGB employee.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this 22nd day of November, 2017, at Los Angeles, California.

Erik Meza

# EXHIBIT 1

1  JOHN P. REITMAN (State Bar No. 80579)
   jreitman@lgbfirm.com
2  ALEKSANDRA ZIMONJIC (State Bar No. 210252)
   azimonjic@lgbfirm.com
3  LANDAU GOTTFRIED & BERGER LLP
   1801 Century Park East, Suite 700
4  Los Angeles, California 90067
   Telephone: (310) 557-0050
5  Facsimile: (310) 557-0056
6
   Attorneys for Peter J. Mastan, Chapter 7 Trustee
7
8             UNITED STATES BANKRUPTCY COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10                LOS ANGELES DIVISION
11
12  In re                              Case No. 2:14-bk-27656-WB
13  CARLO BONDANELLI,                  Chapter 7
14           Debtor.
                                       ADV. NO. _____
15
16  PETER J. MASTAN, Chapter 7 Trustee,
                         Plaintiff,    CHAPTER 7 TRUSTEE'S COMPLAINT
17       vs.                           TO SET ASIDE AND RECOVER
                                       FRAUDULENT TRANSFERS
18  DESERT SOLIS, INC., a California
    corporation, and DOES 1-10, Inclusive,
19
                         Defendants.
20
21
22
23
24
25
26
27
28

EXHIBIT 1
3

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Plaintiff Peter J. Mastan, the trustee (the "Trustee" or the "Plaintiff") of the chapter 7

2  bankruptcy estate (the "Estate") of Carlo Bondanelli ("Bondanelli"), alleges:

3                    **REQUIRED PLEADING DISCLOSURE**

4    1.    In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee

5  hereby alleges that the Claim for Relief in this Complaint constitutes core proceedings under 28

6  U.S.C. § 157(b) or is related to this bankruptcy case (the "Bankruptcy Case") because the outcome

7  of that claim could have a significant effect on the Estate as it will impact property of the Estate and

8  the amount of money available for distribution to creditors.  Regardless of the core or non-core

9  nature of the Claim for Relief asserted herein, the Trustee consents to the entry of final orders and

10 judgment by the Bankruptcy Court to the maximum extent permitted by applicable law.  Defendants

11 are hereby notified that Fed. R. Bankr. P. 7008(a) requires each defendant to plead whether the

12 claims for relief alleged against such defendant are core or non-core and, if non-core, whether

13 consent is given to the entry of final orders and judgment by the Bankruptcy Court.

14                    **JURISDICTION AND VENUE**

15    2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

16 157 and 1334 because the Claim for Relief in this Complaint arises in or is related to *In re Carlo*

17 *Bondanelli*, the above-captioned Bankruptcy Case pending in this Court.

18    3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the

19 Bankruptcy Case is pending in this district and division.  Pursuant to 28 U.S.C. § 1391, venue is also

20 appropriate in this district and division because a substantial part of the events, acts or omissions

21 giving rise to the claims asserted in this Complaint took place within this district.

22                        **THE PARTIES**

23    4.    Plaintiff Trustee is the duly appointed trustee of the Estate.  Because the Trustee was

24 appointed after the occurrence of the majority of the facts alleged in this Complaint, he has no

25 personal knowledge of such facts.  Accordingly, the Trustee alleges all such facts on information

26 and belief based on the testimony at the Debtor's first meeting of creditors, a review of documents

27 and pleadings filed in this Bankruptcy Case and related state and federal court proceedings, as well

28 as a review of the Debtor's books and records that were made available to the Trustee to date.

1

EXHIBIT 1
4

1    5.    Defendant Desert Solis, Inc. ("Desert Solis") is a California corporation with a

2    principal place of business in Los Angeles, California. At all relevant times, Bondanelli was

3    Desert's secretary and agent for service of process, and a signatory in Desert's bank account.

4    6.    The Trustee is not aware of the true names and capacities (whether individual,

5    associate, corporate, or otherwise) of defendants Does 1 through 10, or any of them, and therefore

6    sues said defendants, and each of them, by such fictitious names and will amend this Complaint to

7    include their true names and capacities, when ascertained, together with appropriate charging

8    allegations.

9    7.    Each of the Doe defendants is an immediate or mediate transferee of the avoidable

10    transfers alleged in this Complaint, or of the proceeds of such transfers, and did not take such

11    transferred property for value, in good faith, and without knowledge of the avoidability of such

12    transfers.

13                        **GENERAL ALLEGATIONS**

14    8.    On September 16, 2014 (the "Petition Date"), Bondanelli filed a voluntary petition

15    for relief under chapter 7 of title 11 of the United States Code  and Mr. Mastan was subsequently

16    appointed as the Trustee.

17    9.    Prior to the Petition Date, Bondanelli worked in the business of real estate

18    management, development and investment.  One of his projects was a 2004 joint venture  (the "Joint

19    Venture") with certain Italian investors, including Francesco Tieni and Ocean Park SRL (the "Tieni

20    Parties"), for acquisition and development of two real properties (the "Property") in Santa Monica,

21    California.  The parties agreed that Bondanelli would serve as the manager of the newly formed

22    LLC without compensation and be responsible for all aspects of the Property development, while

23    the Italian investors would loan funds necessary for acquisition and development of the Property. As

24    part of the joint venture, Bondanelli formed New West TC, LLC ("New West") and the Italian

25    investors provided approximately $1.1 million (the "Loaned Funds") to New West to fund the

26    project.  Bondanelli obtained financing and acquired the Property on behalf of New West.  New

27    West used $886,000 of the Loaned Funds for a down payment on the Property and Bondanelli

28    personally guaranteed repayment of the balance of the purchase price for the Property.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

EXHIBIT 1
5

1         10.     Under the Joint Venture, the Italian investors agreed to provide additional funds to

2 pay off the loans on the Property, so the Property would be suitable for a construction loan

3 necessary for its development. The investors and Bondanelli disagreed about the amount of

4 additional financial contributions needed to develop the Property.

5         11.     In June 2012, after the development of the Property did not go as originally planned,

6 Bondanelli commenced litigation against the Tieni Parties.

7         12.     In August 2013, the litigation was resolved through mediation during which the

8 parties entered into a settlement agreement (the "Settlement Agreement"). Pursuant to the

9 Settlement Agreement, Bondanelli agreed to make a $800,000 settlement payment (the "Settlement

10 Payment") to the Tieni Parties in exchange for New West and its assets.

11        13.     Shortly before the mediation which resulted in the Settlement Agreement, Bondanelli

12 sold the Property and New West received approximately $1.7 million in sale proceeds. Bondanelli

13 caused New West to transfer a portion of the sale proceeds to Bondanelli's personal accounts and to

14 make other transfers to third parties

15        14.     In addition to real estate development, Bondanelli was involved in projects for

16 development of solar energy infrastructure. Desert Solis was one of Bondanelli's solar energy

17 projects. Bondanelli formed Desert Solis in 2012 for the purpose of investing in photovoltaic units

18 and became its secretary and agent for service of process. Desert Solis was owned by Bondanelli

19 and/or two residents of Italy, Germano and Carlo Mazzocco.

20        15.     On September 9, 2013, after he received part of the Property sale proceeds from New

21 West, Bondanelli made a $53,500 transfer (the "Transfer") from his personal account to Desert

22 Solis. A copy of the check reflecting the Transfer is attached as **Exhibit 1**. Bondanelli had no pre-

23 existing obligation to Desert Solis that could justify making the Transfer, so he did not receive any

24 value in exchange for the Transfer. Following the making of the Transfers, Bondanelli retained

25 control of the transferred funds as a signatory on Desert Solis's bank account. Bondanelli made the

26 Transfer in an effort to place his assets beyond the reach of his creditors and avoid making the

27 Settlement Payment to the Tieni Parties.

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## FIRST CLAIM FOR RELIEF

**(Against All Defendants, To Avoid Intentionally Fraudulent Transfers of Money and Other Property under 11 U.S.C. §§ 548(a)(1)(A) and 550(a))**

16.     The Trustee incorporates by reference and realleges paragraphs 1-15 of this Complaint.

17.     During the two-year period immediately preceding the Petition Date, Bondanelli transferred his property, including money, to or for the benefit of the defendants (*i.e.*, the "Transfer"). **Exhibit 1** is a copy of the check reflecting the Transfer. The Trustee will seek leave to amend this Complaint if he obtains additional information concerning the money and other property that Bondanelli transferred to or for the benefit of the defendants.

18.     Bondanelli made the Transfer with actual intent to hinder, delay, or defraud his creditors and the Transfer was not taken in good faith. Bondanelli had control of the funds prior to making the Transfer, and he retained control of the transferred funds following the Transfer as a signatory on Desert Solis's bank account. Bondanelli did not receive any consideration in exchange for the Transfer. Bondanelli made the Transfer in order to remove his assets outside of the reach of his creditors, including the Tieni Parties.

**WHEREFORE**, the Trustee prays for judgment against the defendants, and each of them, as follows:

1.     On the first claim for relief, for a judgment against the defendant that (i) avoids the Transfer from Bondanelli to or for the benefit of the defendant, and (ii) requires the defendant to return those transfers and their proceeds, or their value, to the Trustee, for the benefit of the Estate;

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

EXHIBIT 1
7

2.    For interest at the legal rate on all damages and sums awarded to the Trustee, for the benefit of the Estate; and

3.    For such other relief as the Court deems just and proper.

Dated: November 21, 2017                    LANDAU GOTTFRIED & BERGER LLP

By: _____
                              Aleksandra Zimonjic
                    Attorneys for Peter J. Mastan, Chapter 7 Trustee

5

EXHIBIT 1
8

# EXHIBIT 1

EXHIBIT 1
9

# EXHIBIT 1

**Transfer from Carlo Bondanelli to Desert Solis, Inc.**

EXHIBIT 1
6
EXHIBIT 1
10

19-Nov-15                                                    19Nov15-196

THIS ITEM IS PART OF A LEGAL STATEMENT RECONSTRUCTION
GROUP ID G19Nov15-196
Sequence number 005280032928  Posting date 09-Sep-13  Amount 53500.00

CARLO BONDANELLI                                            1394
6380 WILSHIRE BLVD., STE. 1206
LOS ANGELES, CA 90048
PH# 323-655-9465

9-9-2013
DATE

Pay to the
Order of   DESERT SOLIS, INC,                    $ 53,500.00

Fifty Three Thousand, Five Hundred                DOLLARS

Comerica Bank
Comerica Bank
www.comerica.com

For  Mesa Verde                    Carlo Bondanelli

⑆121137522⑆ 8000902505⑈ 1394

FOR DEPOSIT ONLY
DESERT SOLIS INC
1962-1650

EXHIBIT 1
7
EXHIBIT 1
11

B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Peter J. Mastan, Chapter 7 Trustee | **DEFENDANTS**<br>DESERT SOLIS, INC., a California corporation,<br>and DOES 1-10, Inclusive, |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>LANDAU GOTTFRIED & BERGER LLP<br>1801 Century Park East, Suite 700, Los Angeles, California 90067<br>Telephone: (310) 557-0050 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ■ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

The Trustee seeks to recover actually fraudulent transfers made to or for the benefit of the defendants, under 11 U.S.C. §§ 548(a)(1)(A) and 550(a).

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
■ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ 53,500.00 |

Other Relief Sought

EXHIBIT 1
12

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Carlo Bondanelli | BANKRUPTCY CASE NO.<br>2:14-bk-27656-WB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Julia W. Brand |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| | | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| *[signature]* | | |
| DATE<br><br>11/21/17 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Aleksandra Zimonjic | |

### INSTRUCTIONS

      The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

      A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

      The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

EXHIBIT 1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JOHN P. REITMAN (State Bar No. 80579)<br>jreitman@lgbfirm.com<br>ALEKSANDRA ZIMONJIC (State Bar No. 210252)<br>azimonjic@lgbfirm.com<br>LANDAU GOTTFRIED & BERGER LLP<br>1801 Century Park East, Suite 700<br>Los Angeles, California 90067<br>Telephone: (310) 557-0050<br>Facsimile: (310) 557-0056<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>CARLO BONDANELLI<br><br><div align="right">Debtor(s).</div> | CASE NO.: 2:14-bk-27656-WB<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| PETER J. MASTAN, Chapter 7 Trustee,<br><br><div align="right">Plaintiff(s)</div><br>Versus<br><br>DESERT SOLIS, INC., a California corporation, and DOES 1-10, Inclusive,<br><br><div align="right">Defendant(s)</div> | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | Address:<br>☐  255 East Temple Street, Los Angeles, CA 90012<br>☐  3420 Twelfth Street, Riverside, CA 92501<br>☐  411 West Fourth Street, Santa Ana, CA 92701<br>☐  1415 State Street, Santa Barbara, CA 93101<br>☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


                              KATHLEEN J. CAMPBELL
                              CLERK OF COURT


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


        By: _____
                    Deputy Clerk


This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (**state method for each person or entity served**):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____        _____        _____
*Date*                                    *Printed Name*                              *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                              Page 3                              **F 7004-1.SUMMONS.ADV.PROC**

EXHIBIT 1
16

EXHIBIT 2

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>John P Reitman<br>Landau Gottfried & Berger LLP<br>1801 Century Park East Ste 700<br>Los Angeles, CA 90067<br><br>310-557-0050<br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | FOR COURT USE ONLY |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| In re:<br><br>Carlo Bondanelli<br><br><br><br>Debtor(s). | CASE NO.:  2:14-bk-27656-WB<br><br>CHAPTER:  7<br><br>ADVERSARY NUMBER: 2:17-ap-01549-WB |
| Peter J Mastan<br><br>Plaintiff(s)<br><br>Versus<br><br>Desert Solis, Inc., a California corporation<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **12/22/2017.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| Date: | **January 30, 2018** |
| Time: | **02:00 PM** |
| Hearing Judge: | **Julia W. Brand** |
| Location: | **255 E Temple St., Crtrm 1375, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                    Page 1                    **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
17

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>November 22, 2017</u>

By: _____ <u>"s/" William C. Kaaumoana Jr.</u> _____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                    Page 2            **F 7004–1.SUMMONS.ADV.PROC**

EXHIBIT 2
18

## ATTACHMENT A
### Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Peter J Mastan | Desert Solis, Inc., a California corporation<br>DOES 1–10, Inclusive |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

EXHIBIT 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|-------------|-----------|
| _____ | _____ | _____ |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                          **F 7004-1.SUMMONS.ADV.PROC**

EXHIBIT 2
20

# EXHIBIT 3

1 | JOHN P. REITMAN, SBN 80579
jreitman@lgbfirm.com
2 | ALEKSANDRA ZIMONJIC, SBN 210252
azimonjic@lgbfirm.com
3 | LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
4 | Los Angeles, CA 90067
Telephone: (310) 557-0050
5 | Facsimile: (310) 557-0056

6 | Attorneys for Plaintiff Peter J. Mastan,
Chapter 7 Trustee

7

8 |                **UNITED STATES BANKRUPTCY COURT**

9 |                **CENTRAL DISTRICT OF CALIFORNIA**

10 |                   **LOS ANGELES DIVISION**

11 | In re                                          Case No. 2:14-bk-27656-WB

12 | CARLO BONDANELLI,                              Chapter 7

13 |                Debtor.                         Adv. No. 2:17-ap-01549-WB

14 |                                                **PLAINTIFF'S NOTICE OF REQUIRED
COMPLIANCE WITH FRBP 7026 AND LBR
7026-1**

15 |

16 | PETER J. MASTAN, Chapter 7 Trustee,

17 |                          Plaintiff,           **Status Conference Date and Time:**
Date:   January 30, 2018
18 |        v.                                     Time:   2:00 p.m.
Place:  Courtroom 1375
19 |                                                        255 E. Temple St.
DESERT SOLIS, INC., a California                        Los Angeles, CA 90012
20 | corporation, and DOES 1-10, Inclusive,

21 |                         Defendants.

22 |

23 |

24 |

25 |

26 |

27 |

28 |

*(vertical text left margin)* LANDAU GOTTFRIED & BERGER LLP / ATTORNEYS AT LAW / LOS ANGELES, CALIFORNIA

EXHIBIT 3

21

1  **TO ALL DEFENDANTS:**

2      **PLEASE TAKE NOTICE** that Peter J. Mastan, Chapter 7 Trustee and the plaintiff in the

3  above-captioned adversary proceeding hereby gives notice that compliance with the requirements

4  under Rule 7026 of the Federal Rules of Bankruptcy Procedure as well as Local Bankruptcy Rule

5  ("LBR") 7026-1 is required.  A copy of LBR 7026-1 is attached hereto as **Exhibit "A."**

6

7

8  Dated: November 22, 2017                LANDAU GOTTFRIED & BERGER LLP

9

10                                 By _____

11                                     Aleksandra Zimonjic

12                            Attorneys for Plaintiff Peter J. Mastan, Chapter 7
                           Trustee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

EXHIBIT 3
22

# EXHIBIT A

EXHIBIT 3
23

LBR 7026-1

    (2)    <u>Other Parties</u>. Any party other than plaintiff who has not received plaintiff's proposed pretrial stipulation within the time limits set forth in subsection (c) of this rule must prepare, file, and serve at least 14 days prior to the trial or pretrial conference, if one is ordered, a declaration attesting to plaintiff's failure to prepare and serve a proposed pretrial stipulation in a timely manner.

**(f)**    <u>**Sanctions for Failure to Comply with Rule**</u>. In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial stipulation is not filed or lodged within the times set forth in subsections (a), (b), or (e), respectively, of this rule, the court may order one or more of the following:

    (1)    A continuance of the trial date, if no prejudice is involved to the party who is not at fault;

    (2)    Entry of a pretrial order based conforming party's proposed description of the facts and law;

    (3)    An award of monetary sanctions including attorneys' fees against the party at fault and/or counsel, payable to the party not at fault; and/or

    (4)    An award of non-monetary sanctions against the party at fault including entry of judgment of dismissal or the entry of an order striking the answer and entering a default.

**(g)**    <u>**Failure to Appear at Hearing or Prepare for Trial**</u>. The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or to be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

## LBR 7026-1. <u>DISCOVERY</u>

**(a)**    <u>**General**</u>. Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

    (1)    <u>Notice</u>. The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

    (2)    <u>Proof of Service</u>. The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

**(b)**    <u>**Discovery Conference and Disclosures**</u>.

    (1)    <u>Conference of Parties</u>. Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.

LBR 7026-1

(2) <u>Joint Status Report</u>. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

**(c)    <u>Failure to Make Disclosures or Cooperate in Discovery</u>.**

(1) <u>General</u>. Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

(2) <u>Meeting of Counsel</u>. Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of counsel for the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 7 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

(3) <u>Moving Papers</u>. If counsel are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

(A) The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

(B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

(C) In the absence of such stipulation or a declaration of counsel of noncooperation by the opposing party, the court will not consider the discovery motion.

(4) <u>Cooperation of Counsel; Sanctions</u>. The failure of any counsel either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of counsel will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(5) <u>Contempt</u>. LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU GOTTFRIED & BERGER LLP, 1801 Century Park East, Suite 700, Los Angeles, CA 90067.**

A true and correct copy of the foregoing documents entitled:
***1) Chapter 7 Trustee's Complaint to Set Aside and Recover Fraudulent Transfers;***
***2) Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004~1]; and***
***3) Plaintiff's Notice of Required Compliance with FRBP 7026 and LBR 7026-1***
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **November 22, 2017** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Desert Solis, Inc.                                      Desert Solis, Inc.
Carlo Bondanelli, registered agent for service          6380 Wilshire Blvd., Suite 1208
of process                                              Los Angeles, CA 90048
320 N. Palm Drive, Suite 201
Beverly Hills, CA 90210

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 22, 2017 | Erik Meza | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*

EXHIBIT 3
26

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**LANDAU GOTTFRIED & BERGER LLP, 1801 Century Park East, Suite 700, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled:
***Summons Service Executed re Service of:***
***1) Complaint;***
***2) Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1]; and***
***3) Plaintiff's Notice of Required Compliance with FRBP 7026 And LBR 7026-1***
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 22, 2017,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Peter J Mastan (TR)    pmastan@gumportlaw.com, pmastan@ecf.epiqsystems.com
- John P Reitman    jreitman@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;njanbay@lgbfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Aleksandra Zimonjic    azimonjic@lgbfirm.com, emeza@lgbfirm.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **November 22, 2017** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382 / Courtroom 1375
Los Angeles, CA 90012

**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 22, 2017 | Erik Meza | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California